No. 399
KELLEY v. DAVIES
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5242. Decided Sept. 29, 1924.
NOTE:—Motion to certify, in the Supreme Court, on this case, was overruled March 10, 1925; 3 Abs. 163.

**923. PLEADINGS—Allegation in petition fixing control of premises, but not of particular part thereof which is in litigation, does not make action against owner of premises.**

**703. LANDLORD AND TENANT—Landlord not bound to make repairs on premises to render same safe for tenants, unless by special stipulation.**

SULLIVAN, J.

Zoa Kelley owned a twenty suite apartment in Cleveland, in the rear of which was a single stairway and porch leading to the rear of kitchen doors of two separate tenants who occupied different suites. The stairway and porch were used in common as means of ingress and egress from apartments.

Jean Davies, aged two years, lived in another part of the apartment and while leaving one of the suites, by means of the rear porch and stairway, fell through the railing of the porch, a distance of 18 or 20 feet to a cement pavement below, landing on his back and head sustaining serous injuries.

Suit was brought against Kelley by the father and next friend in the Cuyahoga Common Pleas, and judgment for $5000 was rendered in favor of Davies. The Court of Appeals reversed this judgment and on a second trial in the common pleas a judgment of $8000 was rendered in Davies' favor. Error was prosecuted and the Court of Appeals held:

1. The petition of Davies, simply alleging that Kelley owned, controlled, and operated the building or apartment, is not sufficient to show control over the stairway, porch and railing, to the extent that would make an action for damages in a case like the one at bar lie against Kelley, the owner.

2. A landlord is not bound, in the absence of special stipulation to make repairs or improvements on the premises in order to render them safe or fit them for the tenant's use.

3. Co-tenants, by acts and association unconnected in any manner with the landlord, cannot make a contract as to the reservation of the porch and the demise thereof for common purposes, which is binding in law upon the landlord. Judgment of lower court reversed and cause remanded.

Attorneys—T. J. Ross for Kelley; Sanborn McConnell & Rich for Davies; all of Cleveland.